PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICOLE KLINGEMAN, | CASE NO. 4:09-CV-00528 |
| Plaintiff, | |
| | JUDGE ECONOMUS |
| v. | |
| | MAGISTRATE JUDGE PEARSON |
| DAVID DeCHRISTOFARO, | |
| | **MEMORANDUM OF OPINION AND** |
| Defendant. | **ORDER** |

Before the Court is Plaintiff Nicole Klingeman's Motion to Compel Discovery filed on January 6, 2010. ECF No. 33. Defendant David DeChristofaro's response and Plaintiff's reply are docketed as ECF No. 36 and ECF No. 37, respectively. Oral argument was heard on January 22, 2010.[1] ECF No. 35.

**Background**

On March 10, 2009, Plaintiff Nicole Klingeman filed a Complaint asserting a federal civil rights violation pursuant to 42 U.S.C. § 1983, in addition to a state law violation. ECF No. 1. Defendant has asserted a qualified immunity defense, among other defenses. ECF No. 4 at 3.

District Court Judge Peter C. Economus held a Case Management Conference (also "CMC") , in accordance with Federal Rule of Civil Procedure 16(b)(1)(B) and Local Rule 16.3(b), on May 29, 2009. Having found the case suitable for ADR, the Court did not set a discovery plan. Instead, Judge Economus referred the matter to Early Neutral Evaluation and the

---

[1] Attorney Subodh Chandra appeared on behalf of Plaintiff. Attorneys Jason M. Toth and Charles L. Richards appeared on behalf of Defendant.

(4:09-CV-00528)

"parties agreed" hoping to "achieve an early settlement." ECF No. 10; ECF No. 23. Approximately two months later, Plaintiff withdrew her stipulation to participate in the early neutral evaluation on July 24, 2009 because the parties had not been able to agree upon a neutral evaluator. ECF No. 23. On July 27, 2009, Judge Economus then referred the case to the undersigned Magistrate Judge to conduct a settlement conference which was unsuccessful. ECF No. 24.

After the unsuccessful settlement conference and before a discovery schedule was set by the Court, Plaintiff propounded discovery requests upon Defendant. Defendant did not respond. Plaintiff made several attempts to confer with Defendant's counsel regarding the outstanding discovery requests and received no response from Defendant inspiring Plaintiff to move the Court to compel discovery.²

**Discussion**

Defendant argues that during the May 2009 Case Management Conference, Judge Economus ordered a stay of discovery until the question of whether qualified immunity applies to Defendant was resolved. ECF No. 2. This stay, Defendant claims, justified his failure to respond to Plaintiff's discovery requests.³ ECF No. 36 at 5.

---

² During oral argument, defense counsel Charles Richards explained that it was upon his instruction that his associate Jason Toth did not respond to Plaintiff counsel's attempts to confer.

³ It is worth noting that defense counsel Richards does not rely upon the presumed stay to justify or explain his failure to respond to the attempts to confer by Plaintiff's counsel. Rather, Richard's attributes that behavior to Richard's belief that Plaintiff's counsel had (at some point during the parallel state administrative action) mischaracterized communications had with Plaintiff's counsel and Richard's sought to avoid a recurrence of that mischaracterization by staying mute. This matter directly pertains to Plaintiff's request for reimbursement of fees and

(4:09-CV-00528)

In contradiction to this reasoning, during oral argument, counsel for both parties conceded that the docket does not reflect: (1) an order setting a discovery schedule; or (2) a stay of discovery.

**A.**

Federal Rules of Civil Procedure 16 and 26 along with their companion Local Rules govern the discovery process. Specifically, Local Rules 16.3(b)(2) and 26.1 are applicable in this case. Local Rule 16.3(b)(2) dictates that the "agenda for the Conference shall include . . . determining whether the case is suitable for alternative dispute resolution . . . [and] . . . setting a discovery cut-off date." Local Rule 26.1 governs discovery in general and states, in pertinent part:

> Discovery must be conducted according to limitations established at the Case Management Conference and confirmed in the Case Management Plan. Absent leave of court, the parties have no authority to modify the limitations placed on discovery by court order.

Local Rule 26.1.

When considered together, the Civil and Local Rules show that discovery is not permitted until the Court has issued a scheduling order. Civil Rule 16(b)(1)(A) mandates that a judicial officer issue a scheduling order after receiving the parties' joint Report of Parties Planning Meeting ("Rule 26(f) Report"). Civil Rule 16(b)(3)(A) states "[t]he scheduling order must limit the time to . . . complete discovery and file motions." Civil Rule 26(d), Timing and Sequence of Discovery, establishes that parties may not seek discovery from any source until after the parties

---

costs, which is not resolved in this ruling, as stated below.

-3-

(4:09-CV-00528)

have conferred as required by Rule 26(f). In this case, the parties had conferred and filed their joint Rule 26(f) Report, in accordance with Rule 26(f) and Local Rule 16.3(b)(3).

The parties' Rule 26(f) Report made clear their disagreement over whether and when discovery should proceed. Defendant pledged to "request a stay of discovery to allow motion practice based on immunity." ECF No. 7 at 3. Plaintiff opposed the stay and urged that discovery would be "needed to brief the immunity issue for summary[]judgment purposes." ECF No. 7 at 2-3. On the last page of the Report, Defendant requested "that discovery be stayed pending a ruling on a motion for summary judgment based on immunity" and Plaintiff opposed the request, citing a need for discovery to "support or competently defend against a motion for summary judgment based on immunity." ECF No. 7 at 5.

At a minimum, this unambiguously articulated disagreement over discovery would bode against the parties assuming that discovery could begin without the Court's scheduling order.[4] Further, the expectation that discovery may proceed without a scheduling order is undercut by Civil Rule 16(f)(1)(C) which instructs that courts may sanction counsel or parties who fail to comply with the court's scheduling order issued under Civil Rule 16(b).

**B.**

The Supreme Court has stated that, until the qualified immunity[5] question is resolved,

---

[4] This maxim is also supported by Civil Rule 29 which allows parties, by stipulation, to modify the procedures provided by the federal rules for discovery. In this case, the absence of agreement on whether discovery should take place negates the possibility of the parties having stipulated to modify the procedures provided by the discovery rules.

[5] Qualified immunity is an immunity from suit, rather than a mere defense to liability. Saucier v. Katz, 533 U.S. 194, 200 (2001).

-4-

(4:09-CV-00528)

"discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). Specifically, one of the core purposes of the immunity is to protect officials from "the burdens of broad-reaching discovery." *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998) (*quoting Harlow*, 457 U.S. at 817-18). The Court has recognized, however, that the reliance upon a defense of qualified immunity does not preclude all discovery: "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El*, 523 U.S. at 593 n.14. Upon the filing of a motion for summary judgment based on qualified immunity, if the party opposing summary judgment is unable to present facts essential to justify its opposition, Civil Rule 56(f) permits the court to allow discovery that is "tailored specifically to the question of . . . qualified immunity." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

### C.

In the instant case, both parties acted upon erroneous assumptions. Plaintiff erroneously assumed that she could propound discovery and Defendant erroneously assumed that discovery was stayed.

First, the Court has not set a discovery schedule. Plaintiff erred in assuming that she could propound discovery absent the Court's scheduling order. Therefore, Plaintiff had no authority to propound discovery.

Second, Defendant, to date, has not filed a motion for summary judgment based on qualified immunity or any other legal proposition and, therefore, Defendant had no basis upon which to request a stay of discovery or to assume that a stay was in place. To the extent it could

-5-


(4:09-CV-00528)

be liberally construed that Defendant had *moved* for an anticipatory stay of discovery by stating that intention in the Rule 26(f) Report, the Court has not ruled upon that request for a stay.[6] Therefore, Defendant's assumption that a stay had been imposed was incorrect.

In sum, there is no discovery order and no stay of that non-existent order. Plaintiff's discovery requests were premature. The "triggering mechanism" for the Court to permit even "limited discovery" has not been activated because Defendant has not yet filed a motion for summary judgment based on qualified immunity. *See Crawford-El*, 523 U.S. at 593 n.14; *Anderson*, 483 U.S. at 646 n.6. Therefore, Plaintiff's motion to compel is not ripe as Defendant was not obligated to respond to the discovery requests absent Court order or a Civil Rule 29 stipulation by the parties. Moreover, in accordance with legal precedent, the assertion of the qualified immunity defense will likely require the Court to foreclose or limit discovery. *Id.*

Despite Plaintiff's premature start, Defendant's counsel's failure to respond in some fashion or seek the Court's intervention is problematic. Failing to respond to Plaintiff's discovery requests fueled incivility, undercut the spirit of professionalism among litigants that the rules and the Court encourage, and ultimately caused the Court and counsel to expend energies best directed elsewhere.

---

[6] The docket does not indicate that the Court has ruled on the request for a stay, therefore, the undersigned must conclude that the issue has not been ruled upon. *Bell v. Thompson*, 545 U.S. 794, 805 (2005) ("'Basic to the operation of the judicial system is the principle that a court speaks through its judgments and orders.' *Murdaugh Volkswagen, Inc. v. First National Bank of South Carolina*, 741 F.2d 41, 44 (4th Cir. 1984). Without a formal docket entry neither the parties nor this Court had, or have, any way to know whether the court had stayed the mandate or simply made a clerical mistake. *Cf. Ballard v. Commissioner*, 544 U.S. 40, 59-60, 125 (2005)").

(4:09-CV-00528)

For the reasons provided above, the Court Orders the following:

1. Plaintiff's Motion to Compel is denied;

2. Plaintiff's request for attorney fees and costs is held in abeyance until the earlier of (1) the final resolution of this case or (2) the Court's order to the contrary;

3. Within 10 days, Defendant shall notify the Court if he does not intend to file a motion for summary judgment;

4. Should either party decide to file a motion for summary judgment, the motion must be filed within 31 days (February 22, 2010);

5. Within 14 days from the filing of the motion for summary judgment, the party opposing the motion should, if appropriate, seek limited discovery or otherwise respond;

6. Plaintiff's outstanding discovery requests are moot.

The referral is terminated from the docket of the undersigned and returned to the docket of Judge Economus.

IT IS SO ORDERED.

| January 26, 2010 | s/ *Benita Y. Pearson* |
|---|---|
| Date | United States Magistrate Judge |