UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NICOLE KLINGEMAN,** | ) | **CASE NO.  4:09CV528** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID DECHRISTOFARO,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

The instant matter is before the Court upon non-party The Cafaro Company's ("Cafaro") Objection to the Magistrate Judge's Order denying Cafaro's Motion to Quash Subpeona.  (Dkt. # 70).  Plaintiff has filed a Response to the Objection, and Cafaro has filed a Reply.  (Dkt. # 78, 81).  Plaintiff has also filed a "Supplement to Opposition," to which Cafaro responded with a "Supplement in Support."  (Dkt. # 89, 92).

**I. BACKGROUND**

Cafaro appeals to this Court from the Magistrate Judge's April 30, 2010, Order denying Cafaro's Motion to Quash the subpoena *duces tecum* issued on behalf of Plaintiff.  See (Dkt. # 65).  In denying Cafaro's Motion to Quash, the Magistrate Judge determined that Cafaro had failed to demonstrate that any of the five grounds offered required quashing the subpoena.  Thus, the Magistrate Judge ordered Plaintiff to re-issue the subpoena to Cafaro or to make arrangements to establish a reasonable compliance date.

1

## II. LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72(a) and L.R. 72.3(a), a party may appeal to the District Court an Order of the Magistrate Judge.  Any such appeal must be filed within fourteen (14) days after service of the Magistrate Judge's Order.  Upon review of the Order, the District Judge assigned to the case shall set aside any portion of the Order which is clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); L.R. 72.3(a).

### A. Magistrate's Failure to Consider Cafaro's Objections to the Subpoena

Cafaro first objects, as a general matter, to the Magistrate Judge's "fail[ure] to discuss the merits of Cafaro's January 26, 2010 Objections."  (Dkt. # 70 at 4).  Specifically, Cafaro claims that by denying the Motion to Quash, the Magistrate Judge implicitly overruled Cafaro's objections to the subpoena without requiring a response or motion to compel production from Plaintiff or discussing the merits of the objections.  According to Cafaro, this was contrary to law.

Cafaro's argument is without merit because it is premised upon a misunderstanding of the posture of the instant dispute.  While it is true that Cafaro filed objections to the subpoena, pursuant to Rule 45(c)(2)(B), Plaintiff was under no obligation to file a response or a motion to compel production.  Under Rule 45(c)(2)(B)(i), when an objection to a subpoena is filed, "the serving party may move the issuing court for an order compelling production or inspection."  Fed. R. Civ. P. 45(c)(2)(B)(i).  The language of the rule is clearly permissive rather than mandatory.  If Plaintiff had filed a motion to compel, Cafaro would be correct in asserting that Plaintiff

2

had the initial burden of showing that the evidence sought was relevant. Guinn v. Mount Carmel Health Systems, 2010 WL 2927254, *5 (S.D. Ohio 2010) (citations omitted); Allen v. Howmedica Leibinger, GmhH, 190 F.R.D. 518, 522 (W.D. Tenn. 1999). Plaintiff chose not to file a motion to compel, however. At that juncture, Cafaro having filed its objection and Plaintiff having taken no further action, Cafaro had no obligation to respond to the subpoena. Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448, 457-58 (6th Cir. 2008) (objecting party had no obligation to respond to discovery request where district court never ruled on serving party's motion to compel and requesting party took no further action).

The Magistrate Judge did not examine the merits or make any ruling on Cafaro's objection to the subpoena. Absent a Motion to Compel by Plaintiff, there was no dispute upon which the Court or the Magistrate Judge could have ruled. That is, nothing in Rule 45 provides a basis for a court to rule on an objection to a subpoena alone. Accordingly, Cafaro's assertion that the Magistrate Judge "over-ruled Cafaro's Objections without any input from Plaintiff" finds no support in the record and Cafaro's objection to the Magistrate Judge's Order on such grounds is overruled.

**B. Cafaro's Remaining Objections**

Cafaro makes the following objections with respect to the Magistrate Judge's ruling on the merits of its Motion to Quash:

> 1. The Magistrate erred when she denied Cafaro's Motion without Plaintiff establishing relevancy.

3

2. The Magistrate erred when she denied Cafaro's Motion regarding privilege and otherwise protected materials without Plaintiff establishing a compelling showing of relevancy.

3. The Magistrate erred when she denied Cafaro's Motion based upon undue burden without Plaintiff establishing her need for the breadth of the information sought.

(Dkt. # 70 at 5-8).

The crux of each of the above objections is Cafaro's incorrect assertion that Plaintiff bears the burden of demonstrating its entitlement to the discovery sought. (Dkt. # 70 at 5, 6, 7). Cafaro repeatedly argues that the Magistrate Judge acted contrary to law by requiring Cafaro to show that the subpoena should be quashed. When Cafaro chose to file its Motion to Quash, however, it then had the initial burden of establishing grounds for quashing the subpoena. State Farm Mut. Ins. Co. v. Policherla, 2009 WL 2170183, *3 (E.D. Mich 2009); Mannington Mills, Inc. v. Armstrong World Industries, Inc., 206 F.R.D. 525, 528-29 (D. Del. 2002); American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 741 (Fed. Cir. 1987). Had it met that burden, Plaintiff would then have been required to show relevance and a need for the information. Id. The Magistrate Judge found that Cafaro had failed to meet its initial burden on any of the grounds it raised. That determination was neither clearly erroneous nor contrary to law. Cafaro's objections are, therefore, overruled.

## III. CONCLUSION

For the foregoing reasons, the Court affirms the Magistrate Judge's denial of Cafaro's Motion to Quash Subpoena. (Dkt. # 65).

As ordered by the Magistrate Judge, Plaintiff shall reissue the subpoena to Cafaro or make other arrangements to establish a new and reasonable compliance date.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – September 8, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**