**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE KLINGEMAN,** | ) | **CASE NO.  4:09CV528** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID DECHRISTOFARO,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

The instant matter is before the Court upon Defedant David DeChristofaro's ("Defendant") Rule 45 Objections and Motion to Quash Subpoenas.  (Dkt. # 79).  Plaintiff has filed a Response to the Motion, and Defendant has filed a Reply.  (Dkt. # 84, 88).

Also before the Court is Plaintiff's Motion for Leave to File First Amended Complaint Instanter.  Such Motion is hereby GRANTED.  (Dkt. # 93).

**I. BACKGROUND**

On January 12, 2010, counsel for Defendant received notice from Plaintiff's counsel of service of 15 subpoenas *duces tecum* upon various non-party individuals and entities.  (Dkt. # 39, Ex. A1 – B6).  Nine of these subpoenas were served again, with notice to defense counsel on May 6, 2010, after the Court issued an Order commencing discovery in the instant matter.  (Dkt. # 66, Ex. 1).

Defendant now objects to and moves to quash the subpoenas served upon U. Judene Ainsley; Davis & Young, LPA; AT&T Mobility, LLC; Youngstown State

1

University; Ohio State University; Barry University Law School; and John Carroll University. (Dkt. # 79).

## II. LAW AND ANALYSIS

### A. U. Judene Ainsley

Defendant argues that the subpoena served upon U. Judene Ainsley ("Ainsley") must be quashed because it is improper under law. Specifically, Defendant asserts that because Ainsley, now retired, was an employee of Defendant during the period related to the subpoena, the documents Plaintiff seeks must be obtained from Defendant by way of a Rule 34 request for production of documents.

The Court finds that the information sought by the subpoena issued to Ainsley is reasonably calculated to lead to the discovery of admissible evidence. Moreover, it is not clear that all of the information sought is in the possession of Defendant.

Accordingly, Defendant's Motion to Quash the subpoena issued to Ainsley is hereby DENIED. (Dkt. # 79).

### B. Davis & Young, LPA

Defendant next challenges the subpoena issued to Davis & Young, LPA, ("Davis & Young") seeking the personnel file of attorney Enzo Cantalamessa ("Cantalamessa"), as well as correspondence "to, from, and/or regarding David DeChristofaro, Ralph Infanta, Neil Buccino, Nicole Klingeman, Randy Smith or David Rouan from July 1, 2007 to the present." (Dkt. # 66, Ex. 1 at 14).[1] Cantalamessa is an associate attorney

---

[1] In her Response in Opposition to Defendant's Motion to Quash, Plaintiff states that the subpoena to Davis & Young, LPA, requested, *inter alia*, "Correspondence, including e-mail to and from David DeChristofaro, from November 1, 2007 to present." (Dkt. # 84 at 4). That request was contained in the subpoena served

2

with Davis & Young, and is also employed by Defendant as counsel for the Trumbull County Engineer's Office. (Dkt. # 80 at ¶¶ 3-4). It appears that Cantalamessa's personnel file has already been provided to Plaintiff. In any event, the Court finds that such information is reasonably calculated to lead to the discovery of admissible evidence. Defendant's Motion to Quash the subpoena issued to Davis & Young is therefore DENIED as it relates to the personnel file of Cantalamessa. (Dkt. # 79).

With respect to the request for correspondence, Defendant argues first that the subpoena should be quashed because Davis & Young has no authority over the employment relationship between Cantalamessa and Defendant, and does not represent Defendant in any capacity. Defendant also contends that any correspondence between Cantalamessa and employees of the Trumbull County Engineer's Office are protected by the attorney-client privilege. Plaintiff argues that Defendant cannot assert attorney-client privilege because no attorney-client relationship existed between Davis & Young and Defendant and because the communications between Defendant and Cantalamessa fail to meet the elements of privileged information.

As an initial matter, the Court is not persuaded by Plaintiff's argument that the lack of an attorney-client relationship between Davis & Young and Defendant renders any communications with Defendant contained in Cantalamessa's Davis & Young e-mail account or office non-privileged. The mere physical presence of the communications on Davis & Young's servers or in its office space does not eviscerate the attorney-client

---

on January 12, 2010. (Dkt. # 39, Ex. A8). The subpoena served upon Davis & Young, LPA, on May 5, 2010, however, requested a broader scope of correspondence than Plaintiff now asserts or discusses in her Response in Opposition. See (Dkt. # 66 at 14).

privilege between Defendant and Cantalamessa with respect to such communications, especially where the e-mails were in a static account and the documents were in a file protected from disclosure to others.

Additionally, the crime-fraud exception to the attorney-client privilege is not applicable in the instant matter. Plaintiff has not alleged conduct on the part of Defendant that rises to the level of a crime or fraud. As the Sixth Circuit has not adopted the approach of the D.C. Circuit in Recycling Solutions, Inc. v. District of Columbia, 175 F.R.D. 407 (D.D.C. 1997), this Court will not apply the crime-fraud exception to tortious conduct.

Also, the Court finds Plaintiff's argument that Cantalamessa is a fact witness rather than legal counsel unavailing. The simple fact that Cantalamessa delivered the termination letter to Plaintiff has no bearing whatsoever on his status as legal counsel to Defendant.

Defendant has filed a privilege log related to the communications which he claims are subject to the attorney-client privilege. (Dkt. # 98).[2] The log divides the communications relevant to the Davis & Young subpoena into two categories: (1) those between defense counsel,[3] Defendant, Cantalamessa, and David Rouan ("Rouan") related to the defense of the instant matter, the matter of Amanda Latell v. David DeChristofaro (Case No. 4:09CV1036), the matter of Matthew Dohy v. David DeChristofaro (Case No.

---

[2] Defendant initially filed a privilege log on June 28, 2010, contemporaneous with his Reply in Support of the instant Motion. (Dkt. # 87). Defendant filed an amended privilege log on August 13, 2010, which encompasses all of the communications included on the initial privilege log as well as additional communications. (Dkt. # 98). References herein to the "privilege log" refer to the amended privilege log.

[3] For purposes of the communications listed in the privilege log, "defense counsel" refers to the Law Offices of Charles L. Richards, including Charles L. Richards and Jason M. Toth.

4

4:10CV1483), and the Ohio Personnel Board of Review matter of <u>Nicole Klingeman v. David DeChristofaro</u> (Ohio State Personnel Board of Review Case No. 09-REM-01-0024), all of which were exchanged after the filing of the Complaint in the instant matter ("Category 1"); and (2) those e-mail communications between Defendant, Cantalamessa, and Rouan, which Defendant has specifically identified, (<u>see</u> Dkt. # 98 at 3-8) ("Category 2"). (Dkt. # 98).

Based upon the parties' arguments regarding the claimed attorney-client privilege and its review of the privilege log filed by Defendant, the Court finds the following:

(1) The communications between defense counsel, Defendant, Cantalamessa, and Rouan comprising Category 1 above are protected from disclosure by the attorney-client privilege. Defendant's Motion to Quash the Davis & Young subpoena is, therefore, GRANTED with respect to such communications. (Dkt. # 79).

(2) With respect to Category 2 communications, an attorney-client relationship did exist between Defendant and Cantalamessa prior to the official start date of Defendant's term as County Engineer. <u>Banner v. City of Flint</u>, 99 Fed.Appx. 29, 36 (6th Cir. 2004). Thus, any Category 2 communications solely between Defendant and Cantalamessa are privileged. Rouan, however, neither had a privileged relationship with Cantalamessa nor was covered by the privilege between Defendant and Cantalamessa prior to Rouan's official employment by the County Engineer's Office on January 5, 2009. Thus, disclosure of any communications to Rouan prior to his employment with Defendant waived any claim of privilege concerning communications between Defendant and Cantalamessa. <u>In re Columbia/HCA Healthcare Corp. Billing Practices Litigation</u>, 293

5

F.3d 289, 294 (6th Cir. 2002) (internal citations omitted). Beginning January 5, 2009, however, communications with Cantalamessa involving Rouan, at that time an employee of Defendant, are protected by the attorney-client privilege. Ross v. City of Memphis, 423 F.3d 596, 602 (6th Cir. 2005).

Therefore, the following Category 2 communications are protected from disclosure by the attorney-client privilege:

    (a)    11/29/08 e-mail from Defendant to Cantalamessa (Document 2 of privilege log).

    (b)    11/30/08 e-mail from Defendant to Cantalamessa (Document 3 of privilege log).

    (c)    communications occurring after 01/05/09 between Defendant, Rouan, and Cantalamessa (Documents 13-17 of privilege log).

Accordingly, Defendant's Motion to Quash the Davis & Young subpoena is GRANTED with respect to the above Category 2 communications. (Dkt. # 79). The remaining Category 2 communications (Documents 1, 4-12 of privilege log) are not protected by the attorney-client privilege and Defendant's Motion to Quash the Davis & Young subpoena is DENIED with respect to such communication. (Dkt. # 79).

Finally, as Defendant concedes, a memorandum summarizing a November 26, 2008, meeting at Defendant's house is not privileged. (Dkt. # 88 at 8). According to Defendant, such memorandum has already been received by Plaintiff through counsel in the matter of Latell v. DeChristofaro. In any event, Defendant's Motion to Quash the Davis &Young subpoena is DENIED with respect to such document. (Dkt. # 79).

6

**C. AT&T Mobility**

In the subpoena issued to AT&T Mobility, LLC, ("AT&T") Plaintiff sought Defendant's cellular telephone records, including text messages, for the period from July 1, 2007, through April 30, 2009.  (Dkt. # 66, Ex. 1 at 10).  Defendant argues that such records are personal, privileged, and not relevant.  (Dkt. # 79 at 10).

The Court finds that the material requested in the AT&T subpoena is not privileged and is reasonably calculated to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  Therefore, Defendant's Motion to Quash the AT&T subpoena is DENIED.  (Dkt. # 79).

**D. Educational Institutions**

Finally, Defendant challenges the subpoenas issued to Barry University Law School, Ohio State University, Youngstown State University, and John Carroll University.  The Ohio State University and Youngstown State University subpoenas seek the complete academic transcripts and records of any discipline for Defendant during the time he was enrolled at each school.  The John Carroll University and Barry University Law School subpoenas seek the same for Cantalamessa.  (Dkt. # 39, Ex. A4; Dkt. # 66, Ex. 1 at 7-9, 13-15, 19-21).  Plaintiff argues that the subpoenas are "plainly relevant" because "[a] person's educational history can go to questions of competency, prior knowledge of a person's rights, and the degree of malice with which Mr. DeChristofaro and those around him acted."  (Dkt. # 84 at 22-23).

7

The Court finds that to the extent that the subpoenas seek academic coursework, they are reasonably calculated to lead to the discovery of admissible evidence. The disciplinary records of Defendant and Cantalamessa, however, have no relevance to the instant litigation, nor are they in any way likely to lead to the discovery of relevant or admissible information. Rather, the only purpose such records could serve is to harass or embarrass the individual to whom they relate.

Therefore, Defendant's Motion to Quash the subpoenas issued to the academic institutions is DENIED as it relates to academic coursework, and GRANTED as it relates to the disciplinary records of Defendant and Cantalamessa. (Dkt. # 79). The subpoenas are hereby modified to include only the academic coursework for Defendant or Cantalamessa at each institution.

According to the parties, it appears that Ohio State University, Youngstown State University, and John Carroll University have already responded to the subpoenas. (Dkt. # 84 at 22). Plaintiff is hereby ordered to turn over to defense counsel all materials obtained from the above institutions and any copies thereof which concern the disciplinary records of either Defendant or Cantalamessa.

### III. CONCLUSION

Consistent with the foregoing, the Court makes the following determination on Defendant's Motion to Quash (Dkt. # 79) with respect to each of the subpoenas issued:

(a) <u>U. Judene Ainsley</u>: Motion to Quash hereby **DENIED**;

(b) <u>Davis & Young, LLP</u>: Motion to Quash hereby **GRANTED in PART** and **DENIED in PART**, consistent with Section II, B, above;

(c) <u>AT&T Mobility</u>: Motion to Quash hereby **DENIED**;

(d) <u>Barry University Law School, Ohio State University, Youngstown State University, and John Carroll University</u>: Motion to Quash hereby **GRANTED in PART** and **DENIED in PART**, consistent with Section II, D, above.

Additionally, Plaintiff's Motion for Leave to File First Amended Complaint Instanter is hereby **GRANTED**. (Dkt. # 93).

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – September 8, 2010**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**