PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE KLINGEMAN, | ) | CASE NO. 4:09CV00528 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DAVID DeCHRISTOFARO, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF Nos. 307, 313, and 319) |

Plaintiff Nicole Klingeman ("Plaintiff" or "Klingeman") filed motions seeking (1) an in camera *ex parte* inquiry into the circumstances of the withdrawal of prior counsel for Defendants David DeChristofaro, U. Judene Ainsley, David Rouan, and Annita Homlitas (ECF No. 149); and, (2) to disqualify current defense counsel and his law firm from representing Defendants Homlitas and Ainsely (ECF No. 171).  In a single order, Magistrate Judge William H. Baughman, Jr. denied Plaintiff's motion for an in camera *ex parte* inquiry as to the withdrawal of prior defense counsel (ECF No. 299 at 5-10), and granted Plaintiff's motion to disqualify defense counsel for Defendants Homlitas and Ainsely (ECF No. 299 at 10-28).  Counsel has timely filed written objections to Magistrate Judge Baughman's findings.  ECF Nos. 307, 313.  For the reasons that follow, the Court adopts, in part, and modifies, in part, the magistrate judge's order, as described herein.

(4:09CV00528)

## I. Discussion

### A. Legal Standard

When a party timely objects to a magistrate judge's order issued on a non-dispositive matter, the district judge must set aside any part of the order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A finding is clearly erroneous "'when the reviewing court [,] on the entire evidence[,]  is left with the definite and firm conviction that a mistake has been committed […] the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.'" *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, Case No. 1:96-CV-1780, 2006 WL 456479, at * 1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Congress v. Hilltop Reality, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).  In reviewing a magistrate judge's decision to determine whether it is "contrary to law," a district court is to apply the same standard that the Sixth Circuit employs to review a district court's ruling on an evidentiary question, which is an "abuse of discretion" standard.  An "abuse of discretion" occurs when a court "'improperly applies the law or uses an erroneous legal standard.'" *JGR, Inc.*, 2006 WL 456479, at *1 (internal quotations and citations omitted).

### B. Factual and Procedural History

Plaintiff Nicole Klingeman filed a complaint alleging violations of 42 U.S.C. §§ 1983 and 1985(3) and State law resulting from her termination from employment at Trumbull County Engineer's Office in alleged retaliation for her support for Defendant DeChristofaro's political opponent in the 2008 Democratic primary election.  ECF Nos. 1, 103 (first amended complaint).

(4:09CV00528)

Plaintiff has filed her second amended complaint asserting claims of retaliatory conduct

occurring since January 2011 when a ruling of the State Personnel Board of Review restored

Plaintiff to her job.  ECF No. 302 at 10.  Defendants answered Plaintiff's second amended

complaint.  ECF Nos. 303, 304, 325, 326.  The circumstances of this case have changed

somewhat since the magistrate judge issued his ruling.  This change most directly affects

Plaintiff's motion to disqualify.  At the time Plaintiff's filed her motion and the magistrate judge

issued his ruling, only two of the four Defendants being jointly represented had signed waivers.

After the magistrate judge's ruling the remaining added their waivers to the proverbial pile,

thereby changing the landscape considerably.  As discussed below, the undersigned will not

adopt the magistrate judge's ruling due to the changed circumstances.

### C.  Plaintiff's In Camera *Ex Parte* Motion

#### 1.  Plaintiff's Motion

Plaintiff sought to have the Court conduct an in camera *ex parte* inquiry into the

circumstances that led prior defense counsel to withdraw from the case.  ECF No. 149.  Plaintiff

hypothesizes that if prior counsel withdrew to avoid being a known party to Defendant

DeChristofaro's alleged "fraud and misconduct," then the Court must conduct an in camera

inquiry as to why prior counsel withdrew to prevent "further perjury and misconduct."  ECF No.

149 at 24-25.  Plaintiff's motion explicitly disavowed an intent to seek reconsideration of the

Court's decision permitting prior counsel to withdraw.  ECF No. 149 at 3.  Summarily, Plaintiff

argues that, in accordance with the rules of professional conduct, an in camera *ex parte* inquiry is

necessary to:  (1) determine the evidence that enabled prior counsel to "know" that Defendant

3

(4:09CV00528)

DeChristofaro engaged in "fraudulent and perjurious conduct[;]" and, (2) that the "evidence,

materials, or communications" relied upon by current counsel "are not necessarily false." ECF

No. 149 at 26.

### 2.  Magistrate Judge's Ruling

The magistrate judge denied Plaintiff's motion finding it too unspecific a request.  ECF

No. 299 at 9 (reasoning that the Court cannot address the "generalized contours of the present

motion").  That Plaintiff does not specify "what findings this Court should, or could, make at the

conclusion of that discussion" fueled this conclusion.  ECF No. 299 at 8.  The magistrate judge

also questioned the legal soundness of Plaintiff's position:[1]

> While it is true, as observed in those cases, that a court possesses the inherent
> power to investigate whether it has been the victim of fraud, those cases largely
> deal with courts using that power to investigate whether a judgment was obtained
> by fraud, and then using the finding of fraud as the basis to set aside such a
> judgement.  Here, the Court has entered no judgment, and thus no relief is now
> available that involves setting aside anything based on any finding of fraud.

ECF No. 299 at 8-9.

The magistrate judge further explains that "a Rule 11 motion provides the proper means

for asserting this claim . . . [and] I do not have such a motion before me, nor will I treat the

current motion as one under Rule 11."  ECF No. 299 at 10.  Federal Rule of Civil Procedure 11

provides that an attorney who files a paper in federal court certifies that the filing is not being

made for an improper purpose, that the legal claims are supported by existing law or by a

non-frivolous argument for extending the law, and that the factual contentions have evidentiary

---

[1] *See* ECF No. 149 at 24, n.51 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

4

(4:09CV00528)

support or will likely have evidentiary support after discovery. Fed. R. Civ. P. 11(b). One who

believes an opposing party has violated this provision may ask the court to sanction the party or

its counsel for the violation. Fed. R. Civ. P. 11(c). Plaintiff's motion emanates from her

"concern that current substitute defense counsel has advanced an argument not supported by the

evidence," which, as the magistrate judge points out, mirrors the language in Rule 11(b)(3)

("[T]he factual contentions have evidentiary support or, if specifically so identified, will likely

have evidentiary support after a reasonable opportunity for further investigation or discovery.").

ECF No. 299 at 10.

### 3. Plaintiff's Objections

Plaintiff's objections merely voice disagreement with the magistrate judge's finding.

Plaintiff explains that she did not request a particular form of relief because she "sought only a

judicial *inquiry* into the circumstances of counsel's withdrawal . . . ." ECF No. 313 at 8

(emphasis in original). In defense of her legal authority, Plaintiff offers that "[i]t would be

anomalous if a court were able to act *only* where a *judgment* had been tainted by fraud, but were

powerless to address and remedy a fraud infecting other aspects of a proceeding." ECF No. 313

at 8 (emphasis in original). Plaintiff alleges that a Rule 11 motion for sanctions "is not the only,

or even the ideal, vehicle to address the concern" because the "rule does not apply to disclosures

and discovery requests, responses, objections, and motions under Rules 26 through 37." ECF

No. 313 at 9 (citing Fed. R. Civ. R. 11(d)).

While Federal Rules of Civil Procedure 26 through 37 govern discovery and the

resolution of disputes related specifically to the discovery process, pursuit of "only a judicial

(4:09CV00528)

*inquiry* . . ." shows that Plaintiff's motion is not specifically related to the discovery process and,

therefore, Rule 11(d) does not apply.

Plaintiff has failed to demonstrate that the ruling of the magistrate judge (ECF No. 299)

to which she has objected (ECF No. 313) is clearly erroneous or contrary to law.   The Court

overrules Plaintiff's objections finding the magistrate judge's ruling is not clearly erroneous or

contrary to law, and adopts the magistrate judge's ruling denying Plaintiff's motion that the

Court conduct an *ex parte* discussion with prior defense counsel, current defense counsel, and

Defendant DeChristofaro.

### D.  Plaintiff's Motion to Disqualify Defense Counsel

The circumstances that exist at the time of the issuance of this Memorandum of Opinion

and Order are not the same as those in existence when the magistrate judge issued his ruling

granting Plaintiff's motion.  Magistrate Judge Baughman, relying upon Ohio Rule of Professional

Conduct 1.7,  granted Plaintiff' motion to disqualify defense counsel from continuing to

represent Defendants Homlitas and Ainsley largely based upon the "substantial risk" involved

with having a single attorney or firm concurrently representing four defendants with possibly

divergent interests and no waiver of conflict from each defendant.[2] ECF No. 299.  Since the

magistrate judge issued his ruling, those defendants who had not previously waived their right to

conflict-free counsel have done so.

Believing Homlitas and Ainsley to be less culpable than DeChristofaro,  Plaintiff sought

---

[2]  Prior to the magistrate judge's ruling, defense counsel, for reasons not clear from the record, had not submitted waivers from each of the four affected defendants.

6

(4:09CV00528)

disqualification of defense counsel from representing Defendants Homlitas and Ainsley along with DeChristofaro, asserting that Homlitas and Ainsley could settle the lawsuit (if they agreed to change their prior sworn testimony and testify against DeChristofaro) but would not settle as long as they were represented by the same law firm that represents DeChristofaro. ECF No. 171 at 11, 13-14, 15, 17.  Plaintiff also claimed that any settlement by Ainsley or Homlitas would necessarily be detrimental to DeChristofaro and that Ainsley and Homlitas had a greater interest in resolving the claims against them because they were not entitled to insurance coverage for any judgment against them, particularly in the event of a punitive damages award. ECF No. 171 at 9. Plaintiff further claimed that there was a conflict of interest in defense counsel continuing to represent Ainsley and Homlitas because there were discrepancies between their prior sworn testimony in another case, and information later acquired by the Plaintiff. ECF No. 171 at 6, 14.

"Whether a conflict is consentable depends upon the facts of the case." *Centra v. Estrin*, 538 F.3d 402, 413 (6th Cir. 2008).  The Official Comments to the Ohio Rules of Professional Conduct explain, "[w]hen representation of multiple clients in a single matter is undertaken, the information must include the advantages and risks of common representation . . . ."  Ohio R. Prof. Conduct 1.7 cmt. 29.  In order to better understand the facets of informed consent, the Sixth Circuit has drawn upon the Restatement (Third) of the Law Governing Lawyers and the ABA Model Rules *Id*. at 409, 415.

> The Restatement requires that attorneys inform their clients of the nature of the conflict so that the clients are 'aware of the material respects in which the representation could have adverse effects on the interests of that client.' Restatement § 122 cmt. c(i).  According to the Restatement, what is 'material' may change with the circumstances.  For instance, a client already represented by a disinterested attorney may require less information from the conflicted attorney,

7

(4:09CV00528)

> but the client 'nevertheless may have need of information adequate to reveal [the conflict's] scope and severity.' *Id*.  Under the ABA Model Rules, a conflicted attorney does not need to disclose 'facts or implications already known to the client or other person; nevertheless, a lawyer who does not personally inform the client or other person assumes the risk that the client or other person is inadequately informed and the consent is invalid.'  ABA Model Rules, Rule 1.0 cmt. 6.  Thus, providing to the client anything less than full information runs the risk that the client is inadequately informed, thereby making any consnt invalid.

*Id*.[3]

The Official Comments to the Ohio Rules of Professional Conduct provide, in pertinent

part:

> In order to analyze and resolve a conflict of interest problem under this rule, a lawyer must: (1) clearly identify the client or clients; (2) determine whether a conflict of interest exists; (3) decide whether the representation is barred by either criteria of division (c); (4) evaluate, under division (b)(1), *whether the lawyer can competently and diligently represent all clients affected by the conflict of interest*; and (5) if representation is otherwise permissible, consult with the clients affected by the conflict and obtain the informed consent of each of them, confirmed in writing. [analogous to Model Rule Comment 2]

Ohio Prof. R. Conduct 1.7 cmt. 2.

The Ohio Rules of Professional Conduct provide that under certain circumstances a

lawyer may represent a client notwithstanding the potential for a conflict of interest if: "(1) the

lawyer will be able to provide competent and diligent representation to each affected client;

(2) each affected client gives informed consent, confirmed in writing; [and,] (3) the

---

[3]  Although *Centra* discusses Michigan Rules of Professional Conduct, the Court finds this case instructive given that both the Ohio and Michigan Rules of Professional Conduct require informed consent when multiple concurrent representation is involved.

(4:09CV00528)

representation is not precluded by division (c) of this rule."[4]  Ohio R. Prof. Conduct 1.7(b)(1),

(2), and (3).  While Defense counsel has demonstrated that he will be able to provide competent

and diligent representation to each affected client and that the representation does not involve the

assertion of a claim by one client against another client in accordance with division (c) of Rule

1.7(b).  ECF Nos. 307-1 at 17-18, 318 at 4-6.[5]  The missing link–the written consent from each

defendant–has now been provided.

Concurrent representation of parties whose interests have an obvious potential to diverge

at some future point is permissible where the client fully appreciates that such a potential exists

and the Court and the parties remain vigilant in monitoring that potential throughout the

litigation.  *See Gordon v. Norman*, 788 F.2d 1194, 1198 (6th Cir. 1986).  Defendants Homlitas,

Ainsley, Rouan, and DeChristifaro have represented to the Court *via* written informed consent

that each defendant is aware of potential adverse effects of multiple concurrent representation

and, at this point in the litigation, the interests of each Defendant remain materially aligned.  ECF

Nos. 307-2, 307-3, 307-4, 307-5.

---

[4]  Ohio Rule of Professional Conduct 1.7(c) states:

Even if each affected client consents, the lawyer shall not accept or continue the
representation if either of the following applies:  (1) the representation is
prohibited by law; (2) the representation would involve the assertion of a claim by
one client against another client represented by the lawyer in the same proceeding.

[5]  The written informed consents bolsters defense counsel's position by stating that each
Defendant's testimony is consistent with the testimony of their co-Defendants.  ECF Nos. 307-2,
307-3, 307-4, 307-5.

(4:09CV00528)

Defense counsel may concurrently represent Homlitas, Ainsley, Rouan, and DeChristofaro given each affected Defendant's informed consent to the  multiple concurrent representation acknowledging the substantial risks of such representation and potential adverse effects disclosed in Plaintiff's motion to disqualify.  ECF Nos. 307-1 at 9, 307-2, 307-3, 307-4, 307-5.  The Court concludes that Defendants' informed consent fully appreciates the advantages and risks of multiple concurrent representation, satisfying Ohio R. Prof. Conduct 1.7(b).  In light of the changed circumstances–the written waivers by each Defendant concurrently represented by Mazanec, Raskin & Ryder Co., L.P.A.–the magistrate judge's ruling is overturned and Plaintiff's motion to disqualify current defense counsel is denied.


     IT IS SO ORDERED.


October 6, 2011          _/s/ Benita Y. Pearson_____
Date                                      Benita Y. Pearson
                                              United States District Judge