PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE KLINGEMAN, | ) | CASE NO. 4:09-cv-00528 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DAVID DeCHRISTOFARO, *et al.*, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** (Resolving ECF Nos. 338, 357, |
| Defendants. | ) | 382) |

Before the Court are Defendants' David DeChristofaro, U. Judene Ainsley, David Rouan, and Annita Homlitas ("Defendants") motion to substitute Trumbull County as the real party in interest for the official-capacity claims against the Trumbull County Engineer and motion to supplement its aforementioned motion (ECF Nos. 338, 382); and Plaintiff Nicole Klingeman's ("Plaintiff" or "Klingeman") motion for reconsideration of "Part D" of the Court's Order (ECF No. 356) denying Plaintiff's motion to disqualify defense counsel (ECF No. 357).

For the reasons that follow, Defendants' motion to substitute and the motion to supplement the motion to substitute are granted. Plaintiff's motion for reconsideration is denied.

**I. Discussion**

Plaintiff makes two arguments urging the Court to reconsider its October 6, 2011 Memorandum of Opinion and Order: (1) the Court's Order did not address the Plaintiff's claims of an alleged conflict between Defendants DeChristofaro, Rouan, Ainsley and Homlitas and nonparty Randy Smith; and (2) there is purportedly new evidence which, Plaintiff asserts, impacts the conflict analysis. Because the resolution of the motion to reconsider, touches upon

(4:09CV00528)

the matters presented in the motion to substitute Trumbull County as the real party in interest for the official-capacity claims against the Trumbull County Engineer, the Court addresses them together.

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." *Cockrel v. Shelby Cnty. School Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (internal citations omitted); *see also Westerfield v. U.S.*, 2010 WL 653535, at **5 (6th Cir. Feb. 24, 2010) (regarding motions to reconsider true judgments). The civil rules do, however, encourage judicial discretion to be exercised in a way allowing reconsideration under certain circumstances, including: (1) when there has been an intervening change in the law; new evidence presented that was not available earlier; (3) the need to correct clear legal error; and (4) to prevent a manifest injustice.

**1. Plaintiff's Motion to Reconsider Disqualifying Defense Counsel**

Plaintiff's motion for reconsideration alleges that, upon denying her motion to disqualify current defense counsel, the Court erroneously did not consider or acknowledge Randy Smith's–newly appointed Trumbull County Engineer–substitution as a party Defendant in this matter and Smith's status as a former client to defense counsel's firm.[1]  ECF No. 357.  Plaintiff

---

[1] Initially, Plaintiff filed a motion to disqualify current defense counsel and his law firm from representing Defendants Homlitas and Ainsely.  *See* ECF No. 171.  The Court explained that Defendants Homlitas, Ainsley, Rouan, and DeChristifaro have represented to the Court *via* written informed consent that each Defendant is aware of potential adverse effects of multiple concurrent representation and, at this point in the litigation, the interests of each Defendant remain materially aligned.  ECF Nos. 307-2, 307-3, 307-4, 307-5; 356 at 9.  The Court concluded that Defendants' informed consent fully appreciates the advantages and risks of multiple concurrent representation, satisfying Ohio Rule of Professional Conduct 1.7, and ultimately denied Plaintiff's motion to disqualify current defense counsel.  ECF No. 356 at 10.

2

(4:09CV00528)

claims that Randy Smith's appointment renders defense counsel's involvement an "ethical impossibility" primarily because Randy Smith has offered testimony stating that there was no lack-of-work or lack-of-funds defense, which is contrary to the defenses contrived by Defendants. ECF Nos. 321-2 at 2; 357 at 3. Plaintiff argues that the "proverbial pile" of waivers must now include a waiver from Randy Smith because "he is a party to this litigation; of necessity, the decision-maker for his Office; and the Mazanec firm's *former client in this same matter*." ECF No. 357 at 4 (emphasis in original).

### 2. Defendants' Response to Plaintiff's Motion to Disqualify Defense Counsel

In response, Defendants argue that Randy Smith is not a former or current client or a party in the instant matter because upon Defendant DeChristofaro's resignation as Trumbull County Engineer, Plaintiff filed a motion to automatically substitute "the title 'Trumbull County Engineer' for Defendant DeChristofaro in his *official* capacity only." ECF Nos 320 at 1 (emphasis in original); 363 at 2-3 (emphasis in original). Defendants contend that claims against government officials or employees sued in their official capacity are claims against the government entity and, therefore, the official capacity claims pending against the title of Trumbull County Engineer are actually claims against Trumbull County, which Randy Smith's consent is not required to continue the joint representation. ECF Nos. 363; 365 at 2.

In light of the official capacity claims against Trumbull County, Defendants argue that a waiver, should any waiver be required, must come from its "statutory representatives–Trumbull County Commissioners." ECF No. 365 at 2. Defendants attached such a waiver in the form a Resolution adopted by the Trumbull County Commissioners on October 25, 2011. ECF No. 365-

3

(4:09CV00528)

1.

### 3. Plaintiff's Reply to Defendants' Response

In reply, Plaintiff continues to argue that Randy Smith is a party Defendant in the instant matter and entitled to independent conflict-free counsel. ECF No. 366.

In a subsequent filing, Plaintiff sets forth a new legal theory and argues that the Trumbull County Board of Commissioners are without jurisdiction to provide an informed-consent waiver on behalf of the Trumbull County Engineer. ECF No. 368 at 6-8. Plaintiff explains that the Trumbull County Board of Commissioners do not have plenary authority over the Trumbull County Engineer's Office because Ohio law does not provide such independently elected officials with supervisory control. ECF No. 368 at 7. Absent control or oversight, Plaintiff argues that the Trumbull County Board of Commissioners cannot interfere with the duties and power of Trumbull County Engineer's elected officials. ECF No. 368 at 6-8.

### 4. Randy Smith's Automatic Substitution

Official capacity suits "represent another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Lawsuits against public officials in their official capacity should be treated as suits against the entity. *Id*. at 166; *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *see also Alkire v. Irving*, 330 F.3d 802, 811 (6th Cir. 2003). Plaintiff's contention that Randy Smith, the individual, is a "real" party Defendant in the instant litigation is misplaced because a lawsuit against a public officer in his official capacity "is *not* a suit against the official personally, for the real party in interest is the entity[,]" in this

(4:09CV00528)

instance the Trumbull County.[2] *Kentucky*, 473 U.S. at 166 (emphasis in original).

Federal Rule of Civil Procedure 25(d) is "merely a procedural device for substituting a successor for a past officeholder as a party." Fed. R. Civ. P. 25(d)(1) (1961 amend.).  The Rule provides that when a public official is sued in his official capacity and departs during the pendency of the lawsuit, the public official's successor automatically assumes the role in the litigation.[3]  *See also Hafer*, 502 U.S. at 25.  Federal Rule of Civil Procedure 25(d) "makes clear, the substitution of a public official by his or her successor in an official capacity suit does not affect the underlying action." *Saldana-Sanchez v. Lopez-Gerena*. 256 F.3d 1, 10 n.16 (1st Cir. 2002).  Federal Rule of Civil Procedure 25(d) merely applies to the procedural question of substitution, not the substantive question.

### 5. Trumbull County–The Real Party In Interest

The Court has reviewed the motion to substitute Trumbull County as the real party in

---

[2]  Official and personal capacity lawsuits are "treated as the transactions of two different legal personages." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986).

[3]  Fed. R. Civ. P. 25(d) states:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.  The court may order substitution at any time, but the absence of such an order does not affect the substitution.

The Supreme Court has observed that "[t]he rules effectuating automatic substitution of public officers were specifically designed to prevent suits involving public officers from becoming moot due to personnel changes." *Mumford v. Basinski*, 105 F.3d 264, 273 (6th Cir. 1997).

(4:09CV00528)

interest and the legion of briefs–both pro and con. As Defendants have adequately explained, ECF Nos. 338, 382, and Randy Smith agreed, ECF No. 374, the real party in interest to this case with respect to the Plaintiff's official-capacity claims is Trumbull County. Both the original motion, ECF No. 338, and the motion to supplement, ECF No. 382, are granted. Accordingly, Trumbull County is substituted in place of the Trumbull County Engineer.

### 6. New Evidence

Plaintiff argues that a January 1, 2009 email from Defendant DeChristofaro to Defendant Ainsley demonstrates the pretextual and fraudulent character of Defendant DeChristofaro's "lack-of-work-and-funds" defense. ECF No. 357 at 5. Plaintiff highlights that the email from Defendant DeChristofaro to Defendant Ainsley informed her among other things that "[l]ayoff notices will be given out by David R. on Monday." ECF No. 357 at 5. Plaintiff alleges that the e-mail demonstrates that, despite her sworn testimony to the contrary, Ainsley had advance knowledge of the firings at issue in this litigation.

In response, Defendants argue that Plaintiff's argument "is yet another in a pattern of untruths and mischaracterizations of both evidence and law in this case[,] which absolutely cannot be permitted to continue." ECF No. 363 at 3-4. Defendants aver that "the email includes a cut-and-paste portion of text in a larger font which the e-mail says was sent to Ainsley in a separate message." ECF Nos. 363 at 4; 363-1. Defendants further argue that there is no evidence that any such message was ever sent, let alone received by Defendant Ainsley, who has testified by way of the affidavit that she has testified truthfully in this case and has no intention of changing her testimony. ECF No. 363 at 4. Alternatively, Defendants explain that document has

(4:09CV00528)

no effect upon the joint representation of the Defendants in this case, to which they have acquiesced. ECF No. 363 at 4. Defendants' response demonstrates that, perhaps, the Court does not have all the facts regarding the email exchange between Defendants DeChristofaro and Ainsley. *See* ECF No. 363; *see also* ECF No. 386.

Plaintiff's motion presents no reason requiring a ruling different from that already rendered.

## II. Conclusion

For the aforementioned reasons, the Court denies Plaintiff Nicole Klingeman's motion for reconsideration (ECF No. 357), and grants Defendants' motion, as supplemented, substituting Trumbull County in place of the Trumbull County Engineer (ECF Nos. 338, 382).

IT IS SO ORDERED.

April 3, 2012                */s/ Benita Y. Pearson*
Date                                    Benita Y. Pearson
                                                 United States District Judge